Dear Mr. Owen:
You have asked for an opinion from this office relative to the possible impropriety in retaining a law firm to represent the Public Service Commission (Commission) where the law firm is also employed by utilities that the Commission regulates.
Specifically, you have stated that the Commission has retained a law firm to represent it in establishing a Least Cost Planning Program to conform with the Federal Energy Policy Act of 1992. You have advised that this plan could result in a significant financial impact on the State's electric utility companies, some of whom are also represented by this law firm in cases now pending before the Commission.
Accordingly, you have asked this office to issue an opinion relative to the possible impropriety of entering into such a contract.
In answer to your inquiry, we must first advise that there is no statute, either in Title 39 regulating state employment of professionals or in specific statutes relating to the Commission as found in La. R.S. 45:1161, et seq. that prohibit the employment of this law firm where there may be a future potential conflict with matters now pending before the Commission. Thus, the contract, in the strictest sense, is legal.
However, although such a contact may be legal, whether it is good practice to employ a law firm to advise the Commission on legal matters which directly affect other clients of the law firm is an entirely different issue. Quite obviously, the question is whether this law firm may serve equally well two clients who have, to a certain extent, competing interests for it does not take an expert in public utilities law to realize that under some circumstances the aims of the regulator and those it regulates do not coincide. As you are undoubtedly aware, a public utility is a monopoly which exist in a noncompetitive market. Because a utility enjoys such a great economic advantage, it owes a particularly high duty to consumers and rate payers in decision making, operation and management of its business. It is these activities which are regulated by the Commission. The Commission owes its primary allegiance to rate payers and consumers while the utility is principally responsible to its shareholders. Thus, the employment by the Commission of a law firm which also represents public utilities directly affected by decisions rendered by the Commission is a potential legal mine field which the Commission must and should carefully study and consider before entering.
Since this office is not apprised of sufficient facts concerning potential problems and conflicts regarding this law firm and its alleged representation, we are unable to offer concrete advice and counsel regarding the execution of this contract; nor do we believe we would be in a position to so advise in any case.
This is because the issue is not one which should be addressed by the Commission as much as it is a decision of the law firm who is under a duty, by virtue of the Rules of Professional Conduct (Rules), not to represent clients with competing interests. It is not the potential client that is in the best position to make this determination but the law firm. Rule 1.7 of the Rules provide, inter alia, that an attorney should not represent a client if the representation of that client will adversely affect its representation of another client or materially limit that attorney's responsibility to that client or a third person. In addition, Rule 1.8 states that, generally, an attorney may not exploit his representation of a client or information relating to the representation thereof to the client's disadvantage.
Although these rules are generally qualified with the proviso that the attorney should use his best judgment, the underlying thrust of these rules is that an attorney should not represent one client to the disadvantage of another. Whether this in fact may happen in the future is a decision primarily directed to the attorney and, although the Commission has a vested interest in entering a contract with a law firm in good faith, it is the law firm that is in the best position to determine under these circumstances whether a potential conflict exists.
Consequently, we advise, with qualifications, that the contract is legal and thus permissible although such an arrangement may be fraught with potential problems which the Commission needs to take into serious consideration before the execution thereof. But ultimately, it is the law firm that bears the major responsibility in determining whether the representation of the Commission under these circumstances would be in the best interest of the public.
If we may be of further service in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General
DCK/jb